EDWARD J. KLOSS, for appellant; GEORGE A. BRINK-MAN, of counsel.

DANIEL L. CRUICE and A. S. LANGILLE, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

MUNICIPAL CORPORATIONS, § 1224*—*when statutory notice to city of claim for personal injuries unnecessary.* Section 7, ch. 70, Hurd's R. S. 1912, J. & A. ¶ 6190, requiring a person who is about to sue a city for personal injuries to file a notice of the accident, *held* to apply only to the case of a person who intends to bring an action for an injury to his person and not to apply to a case where a father intends to bring suit for the loss of services and the expenses of curing his minor son who sustained the injuries.

## Frederick Lundquist, Appellant, v. Albert L. Quist, Administrator, et al., Appellees.

### Gen. No. 19,813.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed November 19, 1914.

## Statement of the Case.

Bill by Frederick Lundquist against Andrew M. Quist, E. P. Nelson and Albert L. Quist to restrain defendants from prosecuting a suit in the Municipal Court of Chicago, in which defendant E. P. Nelson was the plaintiff and the complainant was the defend-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ant, and in which suit E. P. Nelson sought to recover
on a promissory note for $781.67 given by complainant
to the defendant Andrew M. Quist, and by the latter
indorsed to said Nelson. To reverse a decree dis-
missing the bill for want of equity, complainant ap-
peals.

G. A. Buresh, for appellant.

Helmer, Moulton, Whitman & Whitman, for ap-
pellees; Charles R. Holton, of counsel.

Mr. Justice Scanlan delivered the opinion of the
court.

## Abstract of the Decision.

1. Account stated, § 3*—*when evidence sufficient to establish.*
On a bill filed by a maker of a note to enjoin the indorser of the
payee from prosecuting a suit thereon on the ground that there
was a mistake as to the amount due the payee when the note was
given, and that said note had been fraudulently indorsed to deprive
complainant of his lawful and equitable defense to said note, *held*
that a finding that there was an account stated at the time the note
was given was sustained by a preponderance of the evidence, it ap-
pearing that there was a full and fair discussion between the parties
of the account between them before the note was given, that com-
plainant had never complained of the statement of account until
shortly before the suit at law was brought, and that complainant
had given money to the payee on several occasions to apply on the
note.

2. Account stated, § 17*—*when will not be reopened for fraud
or mistake.* It is the law of this State that where parties, after
a full and fair opportunity of examining and deciding upon their
mutual accounts, have adjusted and settled them, the law will not
permit a deliberate settlement thus made to be reopened, except
upon the clearest evidence of fraud or mistake in the settlement,
and the burden of proving fraud or mistake rests upon the party
asserting it.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.